IRENE S. FOSSUM *vs.* GEORGE A. FULLER COMPANY *et al.*

JUNE 22, 1944.

PRESENT: Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a petition for workmen's compensation, which is here on the petitioner's appeal from a decree of the superior court denying her petition.

Petitioner's husband, Louis T. Fossum, died, on June 19, 1941, at his place of employment at Quonset, Rhode Island. Petitioner alleged in her petition that on that date he received an injury arising out of and in the course of his employment in respondent's laboratory, during a morning of excessive heat and humidity, which caused or directly contributed to a heart attack, and that he died therefrom as a result of coronary thrombosis precipitated by his work in such excessive heat and humidity. Respondents denied these allegations and contended that Fossum had not received an injury by accident arising out of and in the course of his employment.

The superior court found that petitioner had not proved that her husband received such an injury or that the heat and humidity in his place of employment contributed to the attack of coronary thrombosis, or that the conditions of his employment, together with such heat and humidity, contributed to his heart attack, or that the doing of his work on the day he died required any unusual, extraordinary or abnormal exertion by him. These are findings of facts which are conclusive upon us by force of general laws 1938, chapter 300, art. III, §6. But petitioner contends that they should not be conclusive in this case, because they are merely negative findings and the statute cannot be applied reasonably to such findings.

Petitioner argues, in support of her contention, that a finding merely that she has failed to sustain the burden of proof on some particular issue should not be upheld by this court until it has weighed all the evidence and until, after viewing the evidence as a whole, it has found that such evidence reasonably supports the finding. Predicated on the correctness of that contention, she urges that the evidence in this case, when viewed as a whole, did not justify the su-

perior court's finding that she had failed to sustain her burden of proof.

We do not agree with petitioner's contention. The legislature has made no distinction between negative and positive findings of fact. Its language is clear and unambiguous and admits of no qualification by us. It provides that the decree of the superior court in workmen's compensation cases "shall contain findings of fact, which, in the absence of fraud, shall be conclusive." (§6) If the legislature deemed it necessary or desirable to exclude negative findings of fact from the effect of that provision, it could have readily done so. From the fact that it did not do so we are bound to conclude that it did not intend to make any distinction. So far as we are aware, it has always been the practice of this court to make no such distinction. See *Marconi* v. *Bartlett Scrap Iron Co.*, 66 R. I. 409; *Rowe* v. *River Spinning Co.*, 144 A. 109 (R. I.).

Although the question has never heretofore been presented to us for consideration, we entertain no doubt that such practice is not only consistent with a reasonable construction of the statute but is also clearly required by its plain mandate. Whether a case might conceivably arise in which the evidence in support of the superior court's negative finding was so slight and inconsequential as, in justice, to require us to make an exception to the rule, we need not now inquire, as the instant case does not present such a situation.

The evidence in this case tending to connect the cause of Fossum's death with an injury received by accident arising out of and in the course of his employment is so meagre as to be almost nonexistent. An effort was made to connect the cause of his death by coronary thrombosis with the excessive heat and humidity prevailing generally on that day. This was done by medical testimony. Respondents countered with substantial testimony of a like character to the contrary. The superior court resolved this conflict of evidence against the petitioner. There was no evidence of any unusual or abnormal exertion by the workman at any time prior to

his decease. His duties were of a clerical nature, and, so far as the record shows, required little physical exertion. Indeed, the evidence shows that the deceased was not actually applying himself to the duties of his employment at the time of his heart attack but, on the contrary, was relaxing, smoking a cigarette, away from his desk, at or near a door leading on to a porch adjoining the building in which he was employed. About an hour and a half prior to this time he had complained of a feeling of indigestion and had taken some baking soda. Several years before this time he had had an attack of coronary thrombosis, from which he had recovered. It was the opinion of respondents' medical witnesses that the deceased died solely from a heart attack and that he would have died therefrom at that time, regardless of what he was doing. In other words, it was their opinion that his time had come to die from coronary thrombosis and that death resulted naturally from that cause independently of any other cause.

Petitioner has sought with no little ingenuity to show that this case does not differ essentially on its facts from any one of the following cases cited below, wherein the workman's injury was found to be an accident, but we are satisfied that there is in each instance a marked difference. *St. Goddard* v. *Potter & Johnson Machine Co.*, 69 R. I. 90; *Barker* v. *Narragansett Racing Assoc.*, 65 R. I. 489; *Mederos* v. *McLeod*, 65 R. I. 177; *Chirico* v. *Kappler*, 61 R. I. 128; *Walsh* v. *River Spinning Co.*, 41 R. I. 490. In each of those cases there was evidence to the effect that the work which the workman was doing at the time when he received his injury either caused or contributed to the cause of the injury to such an extent as to constitute such injury an accident arising out of and in the course of his employment, within the meaning of the word "accident", under a liberal construction of the statute.

The instant case is clearly lacking in this respect. We are, therefore, of the opinion that there is no merit in the petitioner's final contention, that the superior court's "findings

of fact were not justified when the evidence is viewed in the light of the applicable authorities in Rhode Island."

After a careful reading of the transcript, we are satisfied that there was competent evidence upon which to base the superior court's findings of fact and that it did not err in its application of the law to the facts as found.

Petitioner's appeal is therefore denied and dismissed; the decree appealed from is affirmed; and the cause is remanded to the superior court for further proceedings.

*Haslam, Arnold & Sumpter, Harry A. Tuell,* for petitioner.
*S. Everett Wilkins, Jr.,* for respondents.